# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MDADVANTAGE INSURANCE COMPANY OF NEW JERSEY, | : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No.: 16-cv-969 |
| AARON S. HASIUK, et al., | : : | |
| Defendants. | : | |

## MEMORANDUM

**SITARSKI, M.J.**                                                                                           **July 6, 2018**

Presently before the Court are two Motions to Compel filed by Chee Chee Sisco ("Sisco"), a nominal defendant in this declaratory judgment action filed by MDAdvantage Insurance Company of New Jersey ("MDA") against Dr. Aaron Hasiuk ("Dr. Hasiuk") and Bucks County Women's Healthcare ("BCWH") (collectively referred to as the "Medical Defendants"). [Mot. to Compel, ECF No. 64 (hereinafter "Mot. to Compel 1"); Mot. to Compel, ECF No. 62, (hereinafter "Mot. to Compel 2")].[1] In this federal action, insurer MDA argues that it has no duty to defend or pay damages on behalf of the Medical Defendants in a state court medical negligence action filed against them by Sisco because of alleged material misrepresentations made by Dr. Hasiuk in his application for insurance coverage.[2] (Am. Compl.

---

[1] The Honorable C. Darnell Jones, II, has referred Sisco's motions to me for disposition, in accordance with 28 U.S.C. §636(b)(1)(A). (Orders, ECF Docket Nos. 67, 76).

[2] Sisco and another former patient, Ruth Bardsley, sued Dr. Hasiuk and BCWH in the Court of Common Pleas of Bucks County, Pennsylvania. *See CheeChee Sisco v. St. Mary Medical Center, et al.* No. 2016-03584; *Ruth Bardsley v. Aaron S. Hasiuk. M.D.*, No. 2015-08874. MDA is currently defending the Medical Defendants pursuant to a reservation of rights in the underlying *Sisco* and *Bardsley* actions in accordance with the relevant insurance policies. (Ltr. From Attorney Riebesell to Attorney Beasley, Ex. F, ECF No. 73-2).

for Declaratory Judg., ECF No. 38).

In her first motion to compel, Sisco argues that MDA provided untimely and incomplete responses to her discovery requests.[3] (Mot. to Compel 1, ECF No. 64). In her second motion, Sisco claims that the Medical Defendants failed to provide her with copies of documents produced in response to discovery served by MDA. She also claims that the Medical Defendants provided incomplete and insufficient responses to MDA's discovery.[4] (Mot. to Compel 2, ECF No. 62). For the reasons set forth below, I will deny Sisco's motion to compel against MDA. Her motion against the Medical Defendants is granted in part, and denied in part, as explained below.

I.      STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 governs the discovery process, which allows the parties to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance in this context has been 'construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case.'" *United States ex*

---

[3] In addition to Sisco's first Motion to Compel (ECF No. 64), the Court has considered the following: MDA's Opposition to Sisco's Motion to Compel, (ECF No. 65); Sisco's Reply to Opposition of MDA, (ECF No. 66); Brief in Support of Sisco's Motion to Compel, (ECF No. 72); Brief in Opposition filed by MDA (ECF No. 73); Sisco's Reply to MDA's Brief in Opposition, (ECF No. 74); and Sisco's Modified Reply, (ECF No. 75).

[4] In addition to Sisco's second Motion to Compel (ECF No. 62), the Court has considered the following: Brief in Support of Sisco's Motion to Compel Responses from Medical Defendants, (ECF No. 78); Medical Defendants' Brief in Opposition to Sisco's Motion to Compel, (ECF No. 79); and Medical Defendants' Response to Sisco's Motion to Compel, (ECF No. 80).

*rel. Bergman v. Abbott Labs.*, Civ. A. No. 09-4264, 2016 U.S. Dist. LEXIS 106065, at *7-8, 2016 WL 4247431 (E.D. Pa. Aug. 11, 2016) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)). The scope of discovery is broad, but it is not unlimited. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). "[W]here a party receives evasive or incomplete answers to a discovery request, they are permitted to bring a motion to compel disclosure" under Federal Rule of Civil Procedure 37. *In re Auto. Refinishing Paint Antitrust Litig.*, MDL No. 1426, 2006 U.S. Dist. LEXIS 34129, at *6 (E.D. Pa. May 26, 2006). "The party resisting disclosure bears the burden of persuasion." *Id*.

## II.  DISCUSSION

### A.  Sisco's Motion to Compel Discovery Responses from MDA

On July 19, 2017, Defendant Sisco served Discovery Requests on MDA. (Ex. A, ECF No. 64-1). MDA served written responses on September 5, 2017, after Sisco agreed to MDA's request for an extension of time in which to respond. (Ex. A 1-3, Ex. C 6-17, ECF No. 65-1). Pursuant to a Stipulated Protective Order, (Ex. B, ECF No. 73-2), MDA produced over 1000 documents in response to Sisco's discovery requests, and also provided an accompanying privilege log on September 20, 2017. (Ex. B 4-5, Ex. D 18-19, Ex. E 20-21, ECF No. 65-1). After a telephonic meet-and-confer to address concerns raised by Sisco related to the completeness of the production, MDA provided additional clarification and responses on October 16, 2017. (Ex. F 22-25, ECF No. 65-1). Sisco then filed her Motion to Compel, arguing that the responses of MDA were incomplete.[5]

---

[5]  Originally, Sisco also argued that the responses provided by MDA were untimely. Sisco later withdrew this argument, noting "MDAdvantage is absolutely correct that there was an

3

Specifically, Sisco seeks more complete responses to discovery requests numbers 7, 11-21, and 26-27. MDA argues that it lodged appropriate objections to Sisco's discovery requests, provided full and complete responses with an accompanying document production that included over 1000 pages of documents from its relevant claims and underwriting files, and submitted a privilege log, identifying withheld documents. (Opp. 3-7, ECF No. 73; Ex. F, ECF No. 73-2; Resp. to Discovery 9-10, ECF No. 79-2). After reviewing Sisco's discovery requests, the responses provided by MDA, and the parties' written submissions, I agree with MDA.

I will briefly address each request disputed by Sisco and MDA's corresponding response. In response to Request No. 7 which sought "all testimony by Dr. Hasiuk related in any way to Plaintiff's claims against Dr. Hasiuk," MDA identified and produced a memorandum summarizing a telephone interview of Dr. Hasiuk conducted by an MDA employee. (Opp. 5, ECF No. 73; Ex. C 6, 11, ECF No. 73-2). Counsel for Sisco requested that MDA search for any additional documentation related to this telephone interview. MDA did so, and confirmed in a letter dated October 16, 2017, that all documents related to the interview had been produced. (Ex. F 24, ECF No. 73-2). Accordingly, I find that MDA provided a full and complete response to Request No. 7, and Sisco's motion to compel on this basis is denied.

In Request Numbers 11 through 14, Sisco sought "policies, procedures and/or protocols" relating to the evaluations of potential MDA insureds, such as Dr. Hasiuk or BCWH. (Opp. 5, ECF No. 73). MDA objected to these request, but nonetheless produced a document described as the "only responsive document" related to its Pennsylvania Professional Liability Program. (Ex. F, ECF No. 73-2). While Sisco generally claims that MDA's response is deficient, she

---

agreement to extend the time to respond [to discovery]." (Reply 1, ECF No. 75).

provides no specifics as to why MDA's response is lacking, other than to baldly assert that there are documents "which were not produced." (Mot. to Compel 1 2, ECF No. 64). As with Request Number 7, MDA represents to this Court that it has produced the only document responsive to this request. MDA cannot be compelled to produce documents that do not exist, so the motion to compel is denied.

Sisco argued that MDA's response to Request Numbers 15 through 21 are deficient, but fails to identify with any specificity insufficiencies in MDA's objections and ultimate responses. (Mot. to Compel 2-3, ECF No. 64). In response to Requests 15 through 19, MDA explained the significance of the responses provided by Dr. Hasiuk in his insurance application, and the impact of information provided by Dr. Hasiuk and other applicants on MDA's coverage decisions. (Ex. C 13-14, ECF No. 73-2). In response to Requests 20, MDA provided further narrative explanation of why an applicant's failure to disclose certain information is material to MDA's ability to make underwriting decisions. (*Id*. at 15; *see also* Ex. F, ECF No. 73-2). Sisco offered no specific reason why MDA's responses to requests 15 through 21 are lacking, and after review, I find that MDA fully complied with its obligations under the discovery rules. Finally, with regard to requests 26 and 27, MDA identified by name the individuals involved in the decision to provide and/or revoke coverage to the Medical Defendants. (Ex. C 15, ECF No. 73-2). When questioned by Sisco as to the completeness of its response, MDA confirmed the names of the employees involved in: (1) determining whether to provide coverage to the Medical Defendants; and (2) making the decision to seek a declaratory judgment regarding that coverage. (Ex. F 25, ECF No. 73-2). MDA provided full and complete responses to Request numbers 26 and 27, and as noted above, MDA cannot be compelled to provide information that does not exist. Based on my review, I find that MDA provided full and complete narrative responses to Sisco's Requests

5

15 through 27, and therefore, deny Sisco's Motion to Compel additional responses from MDA.

### B. Sisco's Motion to Compel Against Medical Defendants

MDA served Interrogatories and Requests for Production of Documents on the Medical Defendants. (Ex. A, ECF No. 62-1). On October 2, 2017, the Medical Defendants provided responses to MDA's discovery requests along with responsive documents and a privilege log. (*Id*.). Apparently satisfied with the Medical Defendants' response and production, MDA did not file a motion to compel or seek court intervention in relation to its propounded discovery requests. Instead, Defendant Sisco – a party to the litigation but not the party propounding discovery in this instance- filed a motion to compel complete responses from the Medical Defendants, arguing that their responses were untimely and insufficient. (Mot. to Compel 2, ECF No. 62). Sisco also claims that the Medical Defendants withheld documents from her that were produced to MDA in response to its discovery requests. (Br. in Support of Mot. to Compel 5, 8, ECF No. 78).

Sisco seeks to compel more complete responses from the Medical Defendants to discovery requests propounded by MDA. Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. Fed. R. Civ. P. 37. The text of Rule 37(a)(3)(B) provides that "[a] party *seeking* discovery may move for an order compelling an answer, designation, production, or inspection." (emphasis added). Thus, only the party who propounded the disputed discovery requests has standing to move to compel their answers. *See Payne v. Exxon Corp*., 121 F.3d 503, 510 (9th Cir. 1997) (holding defendant lacked standing to compel a response to codefendant's discovery request); *c.f. Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995) ("In order to succeed on a motion to compel discovery, a party

must first prove that it sought discovery from its opponent.").[6] It is undisputed that Sisco is not the propounding party, and therefore, lacks standing to compel responses from the Medical Defendants under Rule 37. Accordingly, Sisco's motion to compel responses to discovery propounded by MDA is denied.

Sisco also complains that the Medical Defendants failed to provide her with copies of documents produced to MDA in response to discovery requests. Federal Rule of Civil Procedure 5(a)(1)(C) requires that all parties be served with discovery documents. Fed. R. Civ. P. 5(a)(1)(C); *Coleman v. Colorado Technical University*, No. 16-4237, 2017 WL 2377714, at *3 n.2 (E.D. Pa. June 1, 2017). Here, the Medical Defendants concede that "Dr. Hasiuk did withhold 49 pages of documents from Defendants Bardsley and Sisco." (Opp. 2, ECF No. 79; *see also* Resp. to Mot. to Compel 2, ECF No. 80-1). In a letter to Sisco's counsel, counsel for Dr. Hasiuk provided responses to MDA's Request for Production of Documents along with a privilege log for documents bates-stamped 00111 - 00160. (Ex. C, Opp. ECF No. 79-3). MDA received a complete document production, while Sisco only received documents 00001 – 00110.

According to the Medical Defendants, the documents withheld from Sisco are "communications between Dr. Hasiuk and MDA after Dr. Hasiuk became aware of the malpractice actions that are the subject of the underlying lawsuits." (*Id.*). The Medical

---

[6] The parties have not addressed the standing of one party to enforce a discovery request served by a co-party. While it does not appear that this exact issue has been addressed by the Third Circuit, the Ninth Circuit has ruled that a party pursuing a motion to compel must have standing to bring the motion. *See Payne v. Exxon Corp.*, 121 F. 3d 503, 510 (9th Cir. 1997) ("Only 'the discovering party' ... may bring a motion to compel."). The *Payne* opinion is consistent with a plain reading of Rule 37 which makes a distinction between a motion to compel Rule 26(a) disclosures ("any party may move to compel disclosure") and a motion to compel a discovery response ("party seeking discovery may move for an order" to compel). *Compare* Fed.R.Civ.P. 37(a)(3)(A) and (B).

Defendants go on to argue – without legal support – that "communications between a doctor and his insurance company with respect to the defense of any malpractice action are not discoverable to the Plaintiffs in the underlying malpractice case." (*Id*.). This argument may be persuasive but, without legal support, it provides no protection for the documents produced to MDA but not Sisco. The Medical Defendants also contend that that Sisco is not entitled to the withheld documents because the documents may "aid" Sisco in her underlying state medical negligence action against them. Again, while that might be true, the Medical Defendants provide no legal basis for their position that documents may be produced in discovery to some, but not all, parties to litigation.

Finally, the Medical Defendants do not press the issue of attorney-client privilege in their opposition. However, the Court notes that attorney-client privilege was raised by Dr. Hasiuk in his privilege log. In his privilege log, Dr. Hasiuk asserts attorney-client privilege as to one document (bates-stamped document Hasiuk 00113), which is identified as an email from Mark P. Merlini, Jr. to Aaron S. Hasiuk, M.D. (Ex. B, Mtn. to Compel, ECF No. 62-1). It appears, on the face of the log entry that this document should be afforded attorney-client protection. The parties have not addressed this issue at all. In the absence of argument on the applicability of this important privilege, the Court will not require production of the document bates-stamped as Hasiuk 00113. Accordingly, Sisco's motion to compel production of the document is granted only as to the documents bates-stamped Hasiuk 00111-12, 00114-0160. Sisco's motion is denied in all other respects.

III.  CONCLUSION

For the foregoing reasons, I will deny Sisco's Motions to Compel more complete responses from MDA because, based on my review of the record, MDA fully complied with its obligation to respond to Sisco's discovery requests. I will also deny Sisco's Motion to Compel more complete responses from the Medical Defendants to discovery propounded by another party, MDA. However, to the extent the Medical Defendants have withheld discovery documents produced in this litigation to one party but not the other, Plaintiff's Motion to Compel is granted. Within fourteen (14) days of this order, the Medical Defendants are directed to provide to all parties the documents identified as Hasiuk 00111-12, 00114-0160.

An appropriate Order follows.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge